**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CARLA C. HIGGINBOTHAM, et al.,

    Plaintiffs,

vs.                                                   Case No. 3:96-cv-447-J-99HTS

FORD MOTOR CREDIT CO.,

    Defendant.

## ORDER

Plaintiffs filed this putative class action pursuant to the federal Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1667b(b), and state law to challenge the early termination liquidated damages formula in a standard lease agreement used by defendant Ford Motor Credit Co. ("Ford"). Plaintiffs now move for reconsideration of the predecessor judge's order granting summary judgment against plaintiff Everean Mitchell ("Mitchell") for lack of standing (Doc. 156).[1]

Federal Rule of Civil Procedure 59(e) allows a district court to alter or amend a judgment to correct a clear error of law. Offices Togolais Des Phosphates v.

---

[1] The predecessor judge likewise granted summary judgment against the other three named plaintiffs. (Docs. 154, 155, 157.) Plaintiffs do not move for reconsideration of those orders.

Mulberry Phosphates, Inc., 62 F.Supp.2d 1316, 1331 (M.D. Fla. 1999).[2]  "In the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly."  Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Against this stringent standard, plaintiffs allege that the predecessor judge made two clear errors of law by: (1) failing to inform himself of or consider Ford's counterclaim and erroneously determining that the statute of limitations had run on Ford's state law claim against Mitchell when he concluded as a matter of law that Mitchell could not show injury and accordingly lacked standing; and (2) failing to address whether Mitchell could represent the putative class members regardless of mootness or standing.

Turning to the first alleged clear error of law, plaintiffs assert that the predecessor judge "appears to have been unaware of the counterclaims asserted by ... Ford in the instant action ... ."  (Doc. 162 p. 4.)  This assertion is without merit.  The record reflects that the predecessor judge was thoroughly familiar with the

---

[2]  Plaintiffs filed their motion for reconsideration under Rule 60(b), but later acknowledged the relevancy of Rule 59(e).  Their original citation to the wrong rule is inconsequential.  See Finch v. City of Vernon, 845 F.2d 256, 258-59 (11th Cir. 1988)(discussing distinctions between Rule 59(e) and Rule 60(b) motions); Livernois v. Medical Disposables, Inc., 837 F.2d 1018, 1020-21 (11th Cir. 1988)(explaining that court should characterize motion under one rule or the other based on type of relief requested and not nomenclature used by the parties).

facts and background of the case.  Before deciding summary judgment, he asked the parties to submit a detailed joint status report, then conducted a status conference attended by counsel for the parties.  (See Docs. 139, 142, 143.)  It can readily be assumed that he was aware of and considered the counterclaim, particularly since Ford attached it as an exhibit to its summary judgment memorandum.  (See Doc. 43 Ex. 3.)

In any event, neither the failure to reference the counterclaim in the summary judgment order nor the determination that the statute of limitations had run were significant to the predecessor judge's conclusion of law that Mitchell could not show injury and accordingly lacked standing.[3]  The parties did not discuss either the counterclaim or the statute of limitations in their respective summary judgment memoranda; they instead focused on whether Mitchell could show injury given that Ford amended its state court complaint to seek only damages unrelated to the

---

[3]  Only a few weeks ago, a full year after final summary judgment was entered, plaintiffs filed what they coined a "newly discovered" tolling agreement signed by Mitchell and Ford in November 2003 in which Mitchell and Ford agreed to dismiss Ford's state case without prejudice and toll the statute of limitations through the later of November 1, 2004 or after exhaustion of appeals in this federal case.  (Doc. 185.)  Putting aside the Court's reluctance to consider new evidence in deciding a motion for reconsideration, the tolling agreement is inconsequential because the determination of whether the statute of limitations had run was insignificant to the predecessor judge's legal conclusion that Mitchell could not show injury and accordingly lacked standing.

challenged formula. (See Docs. 43, 59, 81.)[4]  After citing relevant cases on the issue of standing in the CCPA context, see Miller v. Nissan Motor Acceptance Corp., 362 F.3d 209 (3d Cir. 2004), Kedziora v. Citicorp Nat'l Servs. Inc., 780 F.Supp. 516 (N.D. Ill. 1991), aff'd sub nom. Channell v. Citicorp Nat'l Servs., Inc., 89 F.3d 379 (7th Cir. 1996), the predecessor judge determined that "the fact that Ford attempted to collect an amount in accordance with the early termination provision but has since foregone that opportunity is not itself a basis to confer standing on ... Mitchell" and "it cannot be disputed that Ford no longer seeks" liquidated damages under the challenged provision. (Doc. 156 p. 3.) The legal conclusion flowing from this determination - - that Mitchell lacked standing - - was not clearly erroneous.

Turning to the second alleged clear error of law, Mitchell claims that the predecessor judge should not have entered final judgment against Mitchell without deciding whether she could represent the class regardless of standing or mootness. The Court notes that even though plaintiffs have not been shy about

---

[4]  Specifically, in its summary judgment memorandum, Ford argued that Mitchell lacked standing because Ford was not seeking to collect damages from her under the challenged formula. (Doc. 43 pp. 2-3.)  Ford pointed out that although its original state court complaint against Mitchell sought such damages, Ford had amended the state court complaint (prior to Mitchell's participation in this federal case) to seek damages that were not derived from the challenged formula. (Id. p. 5.)  Mitchell responded that her injury was complete when Ford assessed damages against her under the challenged formula, and no amendment by Ford could change the fact that she had incurred an injury. (Doc. 59 p. 6.)

4

filing motions in this case (see, e.g., Docs. 6, 13, 18, 22, 32-33, 38, 52, 56, 69, 71, 72, 75, 95, 97, 107, 113 130, 137, 162, 178, 185) they did not explicitly ask the predecessor judge prior to his summary judgment order to address whether Mitchell could represent the putative class regardless of standing or mootness.[5] The predecessor judge was not required to raise and address this issue sua sponte. In any event, any implicit or effective conclusion of law that Mitchell could not represent the putative class because she lacked standing when she joined this federal case and thereafter would not be clearly erroneous. See generally, Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1279-80 (11th Cir. 2000)("It should be obvious that there cannot be adequate typicality between a class and a named representative unless the named representative has individual standing to raise the legal claims of the class. ...  Thus, it is well-settled that prior to the certification of a class ... the district court must determine that at least one named class representative has ... standing to raise each class subclaim."); Sandlin v. Shapiro & Fishman, 168 F.R.D. 662, 667 (M.D. Fla. 1996)("Standing to sue is an essential threshold which must be crossed before any determination as to class representation ... can be made ... . Plaintiffs have suffered no actual injury, and

---

[5] Plaintiffs point out only in a footnote in their memorandum in support of their motion for class certification that Ford has claimed that Mitchell lacks standing and that Ford's offer to accept a lesser amount in the state court case "cannot moot her claim." (Doc. 73 p. 18 n.10.)

therefore lack standing to bring this action.")(quotation and citation omitted).

For these reasons, it is hereby **ORDERED**:

1. Plaintiffs' Motion for Leave to File Response to Defendant's Amended Sur-Reply With Copy of Newly Discovered Tolling Agreement (Doc. 185) is **GRANTED**. Plaintiffs need not file the response and agreement separately since they are incorporated into the motion.

2. Plaintiffs' Motion for Reconsideration of Order Dated August 24, 2004 Granting Defendant's Motion for Summary Judgment as Against Plaintiff Everean Mitchell (Doc. 162) is **DENIED**.

3. The hearing previously scheduled for October 11, 2005 at 2:00 p.m. is **CANCELLED**.

4. The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on September 19, 2005.

TIMOTHY J. CORRIGAN
United States District Judge

p.
Copies to counsel of record