**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EVEREAN MITCHELL, on her own behalf
and on behalf of others similarly situated,

        Plaintiffs,

vs.                                                Case No. 3:96-cv-447-J-32HTS

FORD MOTOR CREDIT CO.

        Defendant.

_____

# ORDER[1]

This case concerns the early termination of a consumer automobile lease and is brought pursuant to Section 183 of the Consumer Leasing Act ("CLA"), provisions of the Truth in Lending Act ("TILA"). 15 U.S.C. §§ 1667-1667e. Before the Court are Plaintiff's Motion For Leave To File Second Amended Complaint (Doc. 238); Ford Motor Credit's Motion To Dismiss Mitchell's Second Amended Complaint (239); Plaintiff's Motion To Amend Case Management & Scheduling Order Dated January 4, 2000 To Permit Further Discovery (Doc. 245); and Ford's Combined Motion To Restrict Further Discovery And Response To Plaintiff's Motion. (Doc. 247.) The Court

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

1

considers the motions and the responses and replies filed by the parties.  (Docs. 248, 251, 255, 247.)

**I.      Plaintiff's Motion For Leave To File A Second Amended Complaint**

Ten years after commencing this case, and following full discovery, a motion for summary judgment, and an appeal, Mitchell seeks to amend her complaint "to update and conform the pleadings to the circumstances as they exist now." (Doc. 238 at 1.)  Despite having the option to oppose amendment  (Doc. 236), Ford chose not to and instead filed a motion to dismiss the second amended complaint.  Forty-five days after the deadline for opposing the motion to amend, (see id.), in a footnote inserted in a reply memorandum submitted in support of its motion to dismiss, Ford urged that leave to amend be denied. (Doc. 251 at 2 n.1.)  Ford's opposition to the motion is too little too late.  Though the Court most likely would have denied the motion to amend the complaint at this late date and have proceeded on the first amended complaint as it applied to Mitchell, see e.g. Andrx Pharms., Inc. v. Elan Corp., PLC, 421 F.3d 1227, 1236-37 (11th Cir. 2005); Lowe's Home Centers, Inc. v. Olin Corp., 313 F.3d 1307, 1314-15 (11th Cir. 2002), the motion is due to be granted based upon Ford's lack of timely opposition.

**II.     Defendant's Motion To Dismiss Second Amended Complaint**

The complaint, as amended, raises issues as to whether Ford's early termination formula, as applied to Mitchell, where the lessee is required to pay more

2

in early termination penalties than he or she would have been required to pay had the lease gone to full term, violates the CLA. Though it appears that this case presents primarily legal issues, the Court makes no decision here whether Mitchell's claim is precluded by the Eleventh Circuit 's decision in <u>Baez v, Banc One Leasing Corp.</u>, 348 F.3d 972 (11th Cir. 2003), affirming in part and vacating in part <u>Torres v. Banc One Leasing Corp.</u>, 226 F. Supp.2d 1345 (N.D. Ga. 2002). Rather, given that plaintiff states that the resolution of this issue must be informed with additional discovery, the Court declines to dismiss the Second Amended Complaint for failure to state a claim without giving plaintiff the opportunity to demonstrate that additional discovery is needed.

### III. <u>Additional Discovery</u>

Plaintiff's list of requested discovery is far too broad, reaching into categories of class discovery, which is not before the Court at this time. While the Court is reluctant to re-open discovery, it will consider plaintiff's request for additional discovery if plaintiff can delineate specific limited areas of inquiry necessary to determine whether Ford's early termination formula as applied to Mitchell violates the CLA.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion For Leave To File Second Amended Complaint (Doc.

238) is **GRANTED**.

2. Ford Motor Credit's Motion To Dismiss Mitchell's Second Amended Complaint (239) is **DENIED**. Defendant must file its answer by **March 16, 2009**.

3. Plaintiff's Motion To Amend Case Management & Scheduling Order Dated January 4, 2000 To Permit Further Discovery (Doc. 245) is **DENIED WITHOUT PREJUDICE**.

4. Ford's Combined Motion To Restrict Further Discovery (Doc. 247) is **DENIED WITHOUT PREJUDICE**.

5. Plaintiff (and defendant if it so chooses) shall file any renewed motion for additional discovery (being <u>very</u> specific) by **March 16, 2009**. Defendant shall respond to the motion by **April 6, 2009**.

6. Following the completion of any additional discovery (if any is allowed), the Court will set a summary judgment schedule.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of February, 2009.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:
Counsel of Record

4