**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

EVEREAN MITCHELL, on her own
behalf and on behalf of all
others similarly situated,

     Plaintiffs,

v.                          CASE NO. 3:96-cv-447-J-32HTS

FORD MOTOR CREDIT COMPANY,

     Defendant.

_____

<u>**O R D E R**</u>[1]

    This cause is before the Court on Ford Credit's Opposed Motion for an Order Withdrawing from the Public Record FC19000-P, Exhibit 4 to Mitchell's Opposition to Ford Credit's Motion for Summary Judgment, and Permitting Plaintiff to Replace it by Filing Under Seal the FC-19000-P Lease Form, and for an Order Designating the Rema[]inder of its Active Lease Library as "Confidential." (Doc. #283; Motion). Plaintiff has filed opposition thereto. *See* Mitchell's Opposition to Doc. 283 - Ford's Motion for an Order Withdrawing Exhibit 4 to Mitchell's Opposition to Ford's Motion for Summary Judgment and Replacing it by Filing Under Seal and for an

_____

[1] Pursuant to § 205(a)(5) of the E-Government Act of 2002, this order is available electronically. It is not otherwise intended for publication or to serve as precedent.

Order Granting Blanket Confidentiality Protection for its Vehicle Lease Forms (Doc. #284; Opposition).

In the present case, Plaintiff "challenges practices engaged in by defendant Ford Motor Credit Company ("Ford") in the course of its consumer motor vehicle leasing business." Second Amended Class Action Complaint (Doc. #259) at 1. Specifically, it is alleged that Ford "routinely charges lessees upon default or early termination amounts which are unreasonable in light of the anticipated or actual harm caused by the default or early termination" in contravention "of § 183 of the Consumer Leasing Act . . . provisions of the Truth and Lending Act . . ., 15 U.S.C. 1667b(b)[.]" *Id*.

According to Defendant, it "produced its lease form FC19000-P, dated 'AUG 2006' [(Lease)] to Plaintiff[,] indicating that Ford Credit considered the lease form 'CONFIDENTIAL' pursuant to the Stipulated Protective Order." Motion at 1-2; *cf*. Stipulated Protective Order Regarding Confidential Documents and Information (Doc. #49; Protective Order). Ford claims Ms. Mitchell thereafter violated the Protective Order when she ignored the confidential designation and filed the Lease in the public record. *See* Motion at 2.[2] Defendant explains it then asked Plaintiff to immediately

---

[2] Plaintiff asserts the Lease as initially produced was not designated confidential, and after being informed of Defendant's position, she "provided written notice to Ford [pursuant to the Protective Order] that she was challenging the confidential designation of [it] and any other blank lease form produced or to be produced by Ford in this case." Opposition at 2.

withdraw the Lease and file it under seal. *See id.* Ms. Mitchell appears to have assented to the request by submitting the Unopposed Motion to Seal Under Stipulated Protective Order (Doc. #273). Nevertheless, the district court judge denied the motion and ordered that "[t]he document . . . remain as filed unless Ford can explain why it needs to be sealed." Order (Doc. #274).

In response, Ford now states the Lease form at issue is part of the "active lease library . . . currently used by its dealerships in vehicle lease transactions[,]" the disclosure of which should not be permitted, because it would allow Ford's competitors to complete "a full competitive analysis." Motion at 4. Movant further claims public confusion may result if consumers gain access to forms designated for other states. *Id*. Thus, Defendant now seeks protection not only for the specific Lease already divulged in this case, but also the entire lease library. *See id*. at 5 ("Ford . . . requests this Court enter an Order designating the remainder of its active lease library as 'CONFIDENTIAL' - with any such document to be filed under seal in the future.").

The Protective Order in effect herein provides

> [a] party may . . . designate as confidential any documents (and information contained therein) that it produces that it believes in good faith to be confidential trade, business or commercial information or to implicate privacy rights of customers by marking such documents with the legend "CONFIDENTIAL" at the time copies are produced to the receiving party.

*Id.* at 1.  Regarding the sealing of confidential documents, it instructs that none shall "be filed under seal unless the party seeking to so file such material has made application, generally describing the confidential material and setting forth the necessity for its receipt under seal, and is permitted to do so pursuant to further order of the Court."  *Id.* at 5.

Generally, "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access."  *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).  Nevertheless, upon good cause shown, the right of access may be overcome.  *See id.* at 1246.  "Whether good cause exists . . . is . . . decided by the nature and character of the information in question[,]" and requires "balancing the public interest in accessing court documents against a party's interest in keeping the information confidential[.]" *Id.* (internal quotation marks and bracketing omitted; first and second alterations in *Romero*).

Ford fails to propose a time limit for the seal to remain in place and includes no explanation why means other than a complete sealing of the entire document would not be effective to protect its interests.  *See* Rule 1.09(a), Local Rules, United States District Court, Middle District of Florida.  The document, filed as an exhibit to Mitchell's Memorandum of Law in Opposition to Ford Motor Credit's Motion for Summary Judgment on Mitchell's Second

Amended Complaint (Doc. #272), reveals no personal data of any kind, and Defendant neglects to adequately explain how it will be damaged by its release. As Plaintiff emphasizes, "Ford makes no effort to identify any sensitive business information reflected in [the] lease form[,] which use[s] standard formulas to determine monthly payments." Opposition at 4. Defendant has not identified any interest weighty enough to overcome the public's right of access to judicial proceedings and records. *Cf. Romero*, 480 F.3d at 1246; *Westfall v. Axiom Worldwide, Inc.*, No. 8:06-cv-571-T-33TBM, 2008 WL 5341140, at *4 (M.D. Fla. Dec. 19, 2008) (requiring that a customer list compiled by a company be filed under seal due to its value to competitors and the inclusion of "detailed contact information for physicians and other individuals who ha[d] not consented to disclosure of their personal information"). Indeed, Ford concedes anyone could obtain the form if willing to undertake the necessary travel, and acknowledges "the risk of disclosing a single lease form may not be significant[.]" Motion at 4; *cf*. Opposition at 3.[3] Upon consideration, it is determined Defendant has failed to show good cause for filing the Lease under seal.

In regard to Ford's request that the Court designate the remainder of its lease library as confidential and permit any portion thereof to be filed under seal in the future, such appears

---

[3]     Plaintiff argues the lease forms "are widely disseminated and freely available in the public domain," Opposition at 3-4, and in fact "Ford itself made [them] available to the public on the internet[.]" *Id*. at 4.

to be premature.  Neither party has expressed an intent to file another lease form in the record, and Ms. Mitchell specifically represents she "has not sought, nor does she presently contemplate, the need to file a 'complete library' of Ford's lease forms." Opposition at 4.

Accordingly, the Motion (Doc. #283) is **DENIED**.  However, the request that the lease library be designated confidential is denied without prejudice to seeking relief in the future if circumstances warrant.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of November, 2009.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
    and pro se parties, if any